IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERRENCE WILLIAMS,
    *Plaintiff*,

v.

AETNA BETTER HEALTH, *et al.*,
    *Defendants.*

Case No. 25-cv-1135-ABA

**MEMORANDUM OPINION AND ORDER**

On April 7, 2025, Terrence Williams filed a complaint against Defendants Aetna Health Inc. d/b/a Aetna Better Health of Maryland (named as "Aetna Better Health of Maryland" in the complaint) ("Aetna") and Access2Care, LLC ("A2C"). On June 4, 2025, Plaintiff and A2C filed a Stipulation of Dismissal with Prejudice dismissing the complaint against all parties with prejudice. The Court accepted that stipulation of dismissal and closed the case. On July 23, 2025, Plaintiff filed a motion to revise or vacate the dismissal order, as to Aetna only. Aetna filed a motion to enforce the stipulation of dismissal and settlement agreement or to dismiss the case. For the reasons that follow, Plaintiff's motion will be denied, and Aetna's motion will be granted.[1]

---

[1] Plaintiff also filed a motion for clerk's entry of default in this case, ECF No. 26; however, that motion lists the case caption and number associated with another case Mr. Williams has before this Court, *Williams v. Credit One Bank, N.A.*, Case No. 25-cv-2315-ABA. Accordingly, this motion will be denied as moot.

I.  **BACKGROUND**

Mr. Williams filed a complaint on April 7, 2025 against Aetna and A2C alleging claims of racial discrimination in contract, violation of the Affordable Care Act, violation of the Health Insurance Portability and Accountability Act ("HIPAA"), breach of contract, bad faith in denial of benefits, violation of the Maryland Consumer Protection Act, and emotional distress. ECF No. 1. Mr. Williams claimed that he had a health plan administered by Aetna under which he received transportation benefits administered by A2C. Williams claimed that he had a health plan administered by Aetna under which he received transportation benefits administered by A2C. *Id.* ¶¶ 3–4, 7. Mr. Williams claimed that A2C "falsely accused [him] of misusing transportation benefits," but that Aetna ultimately overturned A2C's denial of benefits. *Id.* ¶¶ 8–9. He also claimed that Aetna "failed to notify [him] of material changes to transportation policies allegedly implemented in January 2025." *Id.* ¶ 17.

A2C was served first and filed a motion to dismiss. ECF Nos. 6 & 7. On June 4, 2025, Mr. Williams and A2C filed a Stipulation of Dismissal With Prejudice (the "Stipulation"), which stated that the parties "hereby stipulate to the dismissal of Plaintiff's Complaint against *all parties* with prejudice." ECF No. 11 at 1 (emphasis added). Mr. Williams handwrote his signature on the Stipulation. The Court accepted the Stipulation on June 5, 2025, and the case was closed. ECF No. 12.

On July 23, 2025, Mr. Williams filed a Motion to Revise or Vacate Dismissal Order as to Aetna only. ECF No. 13. Mr. Williams argued that "[t]he stipulation and dismissal were intended solely to resolve Plaintiff's claims against [A2C] pursuant to a settlement agreement executed on June 2, 2025." *Id.* ¶ 2 (emphasis omitted). He further argued that "Aetna was **not a party to the executed settlement agreement**, was

not involved in the negotiation or resolution of Plaintiff's claims against [A2C], and was **erroneously dismissed** from the case due to misunderstanding or clerical error." *Id.* ¶ 4 (emphases in original). As Aetna had not yet been served in the case, the Court ordered the issuance of the revised summons, but did not decide on the motion itself. ECF No. 15.

On September 4, 2025, Aetna filed a Motion to Enforce Stipulation of Dismissal and Settlement Agreement or Dismiss the Complaint. ECF No. 21. Aetna argued that the language of the settlement agreement unambiguously required Mr. Williams to dismiss with prejudice the entire case, not just his claims against one defendant. ECF No. 23-1 at 4–5, 7–10; *see* ECF No. 21-2. Aetna further argued that, regardless, Mr. Williams cannot pursue claims against Aetna, as the alleged principal, after discharging claims against A2C, which he alleges was Aetna's agent. *Id.* at 11–12.

Mr. Williams filed a response to Aetna's motion, arguing that "Aetna was neither a party to the agreement nor an intended beneficiary" and that the settlement agreement "[c]ontains no language releasing third-party principals or MCOs [managed care organizations]" or Aetna specifically. ECF No. 25 at 1–2. He also argued that his allegations against Aetna were not based solely on Aetna being A2C's principal but also regarding alleged individual wrongdoing that was outside of the scope of the settlement ("discriminatory denial of access, failure to resolve repeated grievances, and breach of its contractual and regulatory obligations"). *Id.* 2–3.

In the settlement agreement entered into by A2C and Mr. Williams on June 2, 2025 (the "Settlement Agreement"), the parties agreed that Mr. Williams would "take[] all steps necessary to secure the voluntary dismissal of the Litigation, with prejudice." ECF No. 21-2 ¶ 2. "Litigation" is defined in the Settlement Agreement as "claims

3

Williams has asserted in litigation captioned *Williams v. Aetna Better Health of Maryland, et al.,* No. 1:25-CV-01135-ABA, currently pending in the United States District Court for the District of Maryland." *Id.* at 1. Mr. Williams also expressly "agree[d] not to pursue the Lawsuit, and he further agree[d] to join A2C in filing a Joint Stipulation of Dismissal of the Lawsuit . . . , which [] provides that the Parties have agreed to dismiss the Lawsuit, with prejudice." *Id.* ¶ 6. The Settlement Agreement defines "Parties" as A2C and Mr. Williams. *Id.* at 1. It defines A2C as "ACCESS2CARE, LLC, and its parents, affiliates, subsidiaries, divisions, successors, predecessors, assigns, and its current and former employees, officers, directors, attorneys, shareholders, managers, supervisors, insurers and agents." *Id.* And it states that Mr. "Williams has voluntarily agreed to execute a complete release of all claims against A2C as stated herein." *Id.* at 1.

Aetna filed a reply brief arguing that the Settlement Agreement "specifically required plaintiff to dismiss the Litigation with prejudice as a condition precedent to payment" and "Plaintiff does not dispute Aetna's argument that the only pending "Lawsuit" was the Litigation identified in the [Settlement Agreement]." ECF No. 30 at 3. Aetna argued that reading the undisputed terms of the Settlement Agreement and the Stipulation accordingly make clear that "plaintiff agreed to dismiss this action with prejudice as to all parties." *Id.*

## II.  DISCUSSION

For the reasons that follow, Mr. Williams's motion to revise or vacate the dismissal order as to Aetna (ECF No. 13) will be denied and Aetna's motion to enforce the stipulation of dismissal and settlement agreement or dismiss the complaint (ECF No. 21) will be granted.

While Aetna may not have been a party to the Settlement Agreement, Mr. Williams agreed to dismiss all claims within the case with prejudice and, therefore, is contractually precluded from seeking to revise or vacate the dismissal as to one of the defendants. The language within the Settlement Agreement clearly defines "Litigation" as all claims under Case Number 1:25-CV-01135-ABA without exception. Although "Lawsuit" is not a defined term of the Settlement Agreement, given that the words "lawsuit" and "litigation" are synonyms and the Settlement Agreement relates only to the case defined as "Litigation," the parties clearly intended "Lawsuit" to take on the same meaning as "Litigation" under the agreement. Accordingly, in the Settlement Agreement, signed by Mr. Williams, he unambiguously agreed—twice—to voluntarily dismiss the *entire* case with prejudice. *See* ECF No 21-2 ¶¶ 2, 6. And he handwrote his signature on the Stipulation of Dismissal, which stated that he "stipulate[d] to the dismissal of Plaintiff's Complaint *against all parties* with prejudice." ECF No. 11 at 1 (emphasis added).

In any event, Mr. Williams cannot maintain vicarious liability claims against Aetna after releasing its alleged agent, A2C. "[W]hen liability of the principal is solely vicarious in nature and is not based upon the principal's independent actionable fault, a release of the agent acts as a release of the principal as a matter of law." *Anne Arundel Med. Ctr., Inc. v. Condon*, 102 Md. App. 408, 416 (1994). Mr. Williams's claims arise primarily out of actions taken by A2C in allegedly denying him his transportation benefits and discriminating against him. ECF No. 1 ¶¶ 8, 10–11. Mr. Williams stated that Aetna investigated A2C's allegedly false claim and overturned the denial of transportation benefits. *Id.* ¶¶ 9, 12. Finally, Mr. Williams conceded that Aetna was

5

acting as A2C's principal. *See* ECF No. 25 at 2. Accordingly, Mr. Williams cannot maintain his vicarious liability claims against Aetna after having released A2C.

Finally, to the extent that Mr. Williams has any claims against Aetna for its independent actions, he fails to state a claim upon which relief can be granted. At the pleadings stage, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). To withstand a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative relief" by containing "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court reviewing a 12(b)(6) motion "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff," *King*, 825 F.3d at 212, bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal*, 556 U.S. at 679.

Mr. Williams argued that his "complaint alleges independent wrongdoing by Aetna, including discriminatory denial of access, failure to resolve repeated grievances, and breach of its contractual and regulatory obligations." ECF No. 25 at 3. The complaint, however, does not provide any facts to support a claim that Aetna discriminated against Mr. Williams or that Aetna failed to resolve his grievances. In fact, Mr. Williams acknowledged that Aetna conducted a review of his grievance against A2C, called one of the facilities to investigate, and overturned the denial of benefits. ECF No. 1

6

¶¶ 9, 12, 14. Mr. Williams does not provide any facts to support a claim that Aetna breached any contractual or regulatory obligation to him. Finally, Mr. Williams claimed that Aetna failed to notify him of transportation policy changes in January 2025, but he does not provide any facts regarding any injuries from this alleged failure, and his damages claim is based on a denial of transportation in December 2024, prior to any alleged policy changes. *Id.* ¶¶ 17–18. Accordingly, to the extent that Mr. Williams made independent claims against Aetna, the complaint fails to state a claim upon which relief can be granted.

### III.  CONCLUSION AND ORDER

For the reasons stated above, the Court hereby ORDERS as follows:

1. Plaintiff's motion to revise or vacate dismissal as to Aetna (ECF No. 13) is DENIED;

2. Aetna's motion to enforce stipulation of dismissal and settlement agreement or dismiss the complaint (ECF No. 21) is GRANTED;

3. Plaintiff's motion for clerk's entry of default (ECF No. 26) is DENIED AS MOOT; and

4. The Clerk is directed to close the case.

Date:  January 21, 2026

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Adam B. Abelson
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge